# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| DELON J. ADAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:02-cr-00064-DBH-1 |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## **RECOMMENDED DECISION ON RULE 60(b) MOTION**

Petitioner Delon J. Adams has filed a motion seeking to vacate, set aside or correct his sentence. (Motion, ECF No. 66.)[1] Petitioner cites Fed. R. Civ. P. 60(b), but in substance he asks the Court to reopen his prior section 2255 proceeding in this case and vacate his sentence.[2] Petitioner argues that *Descamps v. United States*, 133 S. Ct. 2276 (2013), applies retroactively to his sentence.[3] (Motion at 1-2.) The Government has responded to the motion, and Petitioner filed a reply in support of the motion. (Response, ECF No. 70; Reply, ECF No. 71.)

---

[1] Following a jury trial, Petitioner was convicted of being a felon in possession of a firearm and of carrying a firearm in relation to a drug trafficking crime; he was acquitted of a third firearms charge. *United States v. Adams*, 375 F.3d 108, 110-111 (1st Cir. 2004). Petitioner was sentenced to 120 months in prison, followed by three years of supervised release, for firearms possession; for using a gun during a drug robbery, he was sentenced to 84 months, to be served consecutively, followed by five years of supervised release. (Judgment, ECF No. 49.) Petitioner appealed the conviction, and the First Circuit affirmed it. *Adams*, 375 F.3d at 111, 114.

[2] The prior section 2255 decision is docketed at *Adams v. United States*, No. 2:05-cv-00138-DBH, ECF No. 11 (recommended decision), adopted Jan. 19, 2006, ECF No. 14. On September 19, 2006, the First Circuit denied Petitioner's request for a certificate of appealability. *Adams v. United States*, No. 06-1315.

[3] In *Descamps v. United States*, the Supreme Court addressed the Armed Career Criminal Act (ACCA), which "increases the sentences of certain federal defendants who have three prior convictions 'for a violent felony,' including 'burglary, arson, or extortion.'" 133 S. Ct. 2276, 2281 (2013) (quoting 18 U.S.C. § 924(e)). The Court held that its "modified categorical approach merely assists the sentencing court in identifying the defendant's crime of conviction," but it does not "authorize[] the court to try to discern what a trial showed, or a plea proceeding revealed, about the defendant's underlying conduct." *Id.* at 2288. The Court noted that the latter approach violates the Sixth Amendment, which "contemplates that a jury−not a sentencing court−will find such facts, unanimously and beyond a reasonable doubt." *Id.*

Although Petitioner attempts to invoke Fed. R. Civ. P. 60(b), his motion is governed by 28 U.S.C. § 2255.[4] "We hold . . . that a motion made under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment previously entered in a section 2255 case 'should be treated as a second or successive habeas petition if−and only if−the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction.'" *Munoz v. United States*, 331 F.3d 151, 152-53 (1st Cir. 2003) (quoting *Rodwell v. Pepe*, 324 F.3d 66, 67 (1st Cir. 2003)); *see also Trenkler v. United States*, 536 F.3d 85, 97 (1st Cir. 2008). Because Petitioner challenges the constitutionality of the underlying conviction, and because Petitioner previously sought relief under section 2255, Petitioner's motion is a second or successive section 2255 motion and thus subject to the gatekeeping provisions of 28 U.S.C. §§ 2244, 2255(h).

Section 2255(h)(2) provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Title 28 U.S.C. § 2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* First Circuit Local Rule 22.1. The First Circuit has held: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or

---

[4] Title 28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Fed. R. Civ. P. 60(b) provides that the Court may relieve a party from a final judgment in certain circumstances which include where the judgment has been reversed or vacated, where applying the judgment prospectively would no longer be equitable, or some other reason that justifies relief.

successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler*, 536 F.3d at 96 (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)). This Court, therefore, lacks jurisdiction to consider a second or successive section 2255 motion unless the First Circuit has specifically authorized this Court to consider the motion.

In this case, the record contains no evidence, and the Court is not aware of any information to suggest, that the First Circuit has authorized this Court to consider Petitioner's current motion. Accordingly, the Court should dismiss the motion.

## CONCLUSION

Based on the foregoing analysis, it is recommended that the Court dismiss the motion. It is further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases, because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of August, 2014.