# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | |
| v.  ) | CRIMINAL NO. 2:02-CR-64-DBH |
| ) | |
| DELON J. ADAMS, ) | |
| ) | |
| DEFENDANT/PETITIONER ) | |

## ORDER ON MOTION TO REDUCE SENTENCE

The defendant/petitioner, housed at a federal penitentiary, asks "for an immediate release to be considered." Def.'s Mot. to Reduce Sentence (ECF No. 82). He says that he earlier sought relief and

> was told I was correct, "but" Johnson and Descamps was not retroactive. 2015 Supreme Court ruled it was. My Arizona Burglary was not a violent prior. I never re-filed because my release to half-way house was upcoming. Now I've been denied 1/2way house because of "bogus" incident reports in B.O.P. I've been assaulted numerous times by both inmates and staff.

Id.

In 2014 the defendant/petitioner sought relief under Descamps v. United States, 133 S. Ct. 2276 (2013), arguing then that Descamps was retroactive. See R. & R. on Rule 60(b) Mot. (ECF No. 72). This court concluded that he was making a "second or successive section 2255 motion" and thus needed permission from the court of appeals. Id. at 2-3, aff'd, ECF Nos. 74 & 79. From all that appears, the defendant/petitioner never obtained that permission. As a

result, this court still lacks any authority to alter his sentence.[1]  I must therefore **DENY** his motion.

    S<small>O</small> O<small>RDERED</small>.

    D<small>ATED THIS</small> 25<small>TH</small> <small>DAY OF</small> J<small>ULY</small>, 2017

                                           /S/D. B<small>ROCK</small> H<small>ORNBY</small>
                                           **D. B<small>ROCK</small> H<small>ORNBY</small>**
                                           **U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> J<small>UDGE</small>**

---

[1] I also note that the Supreme Court has held that the Sentencing Guidelines are not subject to a void-for-vagueness challenge, Beckles v. United States, 137 S. Ct. 886, 894 (2017) (career offender Guideline), unlike the Armed Career Criminal Act voided in Johnson v. United States, 135 S. Ct. 2551 (2015).  This defendant/petitioner was not sentenced under the Armed Career Criminal Act, but under Guideline 2K2.1(a)(2), which in 2001 used (and still uses) the career offender definition of crime of violence in Guideline 4B1.2(a) – the definition upheld in Beckles.